### JOHNSON v. CHAMPION DE ARMENT TOOL CO. et al.

District Court, S. D. New York.

Jan. 27, 1943.

Moses H. Hoenig, of New York City (John H. Glaccum, of New York City, of counsel), for plaintiff.

Williams, Rich & Morse, of New York City, for defendants.

Giles S. Rich, of New York City, for defendants Henricks & Howell.

COXE, District Judge.

This is a suit for alleged infringement of the Johnson patent No. 1,866,771, issued July 12, 1932, for a wrench. The plaintiff is the patentee of the patent. The suit has been dismissed as against the defendant Champion De Arment Tool Co. for lack of jurisdiction. The defendants Arthur P. Henricks and Edward W. Howell, copartners, doing business under the firm name of Henricks & Howell, are distributors in New York of the alleged infringing wrench.

The specification states that the main object of the invention is to provide a wrench "that can be used as a pipe wrench, monkey wrench, or pliers". It is also stated that the principal feature is "a jaw having a cam-shaped edge, this edge cooperating with the edge of a second jaw so that the wrench will have a tendency to bind more tightly upon the nut or other object which it engages as more pressure is applied to the wrench for rotating the nut". Two handles to the wrench are shown, and it is asserted that the "cam edge will automatically cause the handles to tend to swing together as more force is applied in turning the nut."

The patent has four claims, but only claim 4 is in issue, reading as follows: "4. A wrench having two solid jaws throughout their entire working edges, said jaws being pivoted together and having handles that do not pass each other in any position of the jaws, the working edge of one jaw being in the shape of a convex cam, the other jaw having edges reentrantly inclined".

The sole defense is invalidity for anticipation and lack of invention, it being conceded that if claim 4 is valid it has been infringed.

The prior art references introduced by the defendants show numerous instances of wrenches with cam shaped jaws, hands that do not pass each other, and edges on one of the jaws "re-entrantly inclined". The Armstrong patent, No. 591,720 (1897), the Gunnarson patent No. 460,230 (1891), and the Crescent Tool Company wrench (1909) show all of the essential elements of claim 4, and are clear anticipations. I think, too, that much of the other prior art is so close to the patent in suit as to preclude any valid claim of invention for the Johnson wrench. This is particularly true of the wrench of the German Pyat patent, No. 173,725 (1904), which differs only from the Johnson wrench in that the hands overlap when the jaws are in a closed position. Surely this difference is not enough to constitute invention.

I hold, therefore, that claim 4 of the Johnson patent, No. 1,866,771, is invalid for anticipation and lack of invention, and there may be a decree for the defendants dismissing the complaint with costs.